IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONG FI, et al., | Case No. 14-5080 SC |
| Plaintiffs, | ORDER ON MOTION TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| GOOGLE, INC. and YOUTUBE, LLC, | |
| Defendants. | |

**I.  INTRODUCTION**

Now before the Court is a motion to file a Second Amended Complaint ("SAC"). See ECF No. 54 ("Mot."). A Proposed SAC is attached to the motion. See ECF No. 54-1 ("PSAC"). The motion is fully briefed,[1] and appropriate for resolution without oral argument under Civil Local Rule 7-1(b). For the reasons set forth below, the motion is GRANTED.

**II.  BACKGROUND**

This suit was originally filed in the United States District for the District of Columbia, but transferred to this Judicial District pursuant to an agreed forum selection clause. See ECF No.

---
[1] ECF Nos. 57 ("Opp'n"), 62 ("Reply").

19.   On June 10, 2015, the Court dismissed the First Amended Complaint ("FAC") in this case with leave to amend certain counts. See ECF No. 53 ("MTD Order"). Song fi, et al. ("Plaintiffs") filed a motion within the period otherwise allotted to amend, requesting permission to add two additional claims into their otherwise permitted amendment. These claims are for fraud and violations of California's Cartwright Act, both alleging violations of California laws that Plaintiffs did not realize would be applicable when the case was first filed in Washington, D.C. YouTube, LLC ("YouTube") and its parent company, Google, Inc. ("Google") (collectively, "Defendants"),[2] oppose.

The underlying dispute arose when YouTube removed or otherwise relocated a video posted by Plaintiffs. A more complete version of these facts, well known to the parties, can be found in the MTD Order at 2-5. By way of summary, Plaintiffs performed in and produced a video entitled "LuvYa." PSAC ¶¶ 2-4. Plaintiffs posted the video on YouTube on February 14, 2014, in the process agreeing to the Terms of Service ("TOS"). Id. ¶¶ 36, 67. On April 18, 2014, YouTube removed the video from where it had originally been publically available on YouTube, posting in its place a notice that the video had been removed for a violation of the TOS. Id. ¶¶ 88-89.

Plaintiffs allege this (tacitly or otherwise) suggested to the public that the LuvYa video contained inappropriate content. See, e.g., id. ¶¶ 90-95. This, in turn, caused Plaintiffs reputational harm and impacted their ability to sell their product(s) to third

---

[2] Google has restructured and is now a wholly owned subsidiary of Alphabet Inc., but YouTube remains a wholly-owned subsidiary of Google. ECF No. 66. This case is therefore not affected.

2

parties and sponsors.  See id. 110-116.  Plaintiffs also complain that the view count is used within the industry to determine the true popularity of artists and accordingly impacts sales and advertising rates.  Id. ¶¶ 41, 120.

Defendants allegedly removed the video because Plaintiffs used some form of automated means to artificially raise the view count to over 23,000, in violation of the TOS.  See id. ¶ 99.  Plaintiffs deny artificially inflating the view count, and in the PSAC allege facts suggesting how the views were legitimately obtained.  See id. ¶¶ 68-84, 100.

Plaintiffs now seek leave to amend to suggest that Defendants have a conspiracy-style deal in place with larger production companies to permit such companies to inflate their view counts artificially while actively preventing smaller production companies (like Plaintiffs) from growing too large via ungrounded "enforcement" of the TOS.  See id. ¶¶ 40-65.  This alleged deal appears to be the basis for one or both new claims Plaintiffs now seek to add.  See id. ¶¶ 117-125, 149-157.

**III. LEGAL STANDARD**

**A.  Leave To Amend**

A party may amend its pleading once as a matter of course during a certain period of time.  Fed. R. Civ. P. 15(a)(1).  After that, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  Accordingly, "[t]he standard for granting leave to amend is generous."  Balistreri v. Pacifica Police Dep't, 901

F.2d 696, 701 (9th Cir. 1988). The five factors a court considers in deciding whether to grant leave to amend are "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

Where an amendment would be an "exercise in futility," or where an "amended complaint would also be subject to dismissal," a court need not grant leave to amend. In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citing Steckman v. Hart Brewing Co., 143 F.3d 1293, 1297 (9th Cir. 1998)). This applies whether a motion to dismiss would be pursuant to Rule 12(b)(6) or Rule 9(b). In re Fritz, 282 F. Supp. 2d at 1111 (citing Moore v. Kayport Package Express, 885 F.2d 531, 540-41 (9th Cir. 1989)).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

4

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To be entitled to a presumption of truth, the allegations made in a complaint must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. May 7, 2014) (quoting Starr, 652 F.3d at 1216).  While offering facts "that tend[] to exclude the defendant's innocuous alternative explanation" may be sufficient to take a claim from conceivable to plausible, showing only "a 'possible' entitlement to relief" is not.  See Eclectic Properties, 751 F.3d at 998 (contrasting Starr with In re Century Aluminum Co. Secs. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013)); see also Twombly, 550 U.S. at 570.

### C.   Federal Rule of Civil Procedure 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it

is false." Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted) (alteration in original).

### D. The California Cartwright Act

California's Cartwright Act is codified at Business & Professions Code § 16720 et seq. The antitrust statute prohibits unreasonable restraints on trade. See, e.g., Morrison v. Viacom, Inc., 66 Cal. App. 4th 534, 540 (1998) (citing Bert G. Gianelli Distributing Co. v. Beck & Co., 172 Cal. App. 3d 1020, 1042 (1985)). As applicable to this motion, agreements alleged to be unreasonable restraints on trade are judged under a "rule of reason." See, e.g., Parrish v. NFL Players Ass'n, 534 F. Supp. 2d 1081, 1092 (N.D. Cal. 2007). The Cartwright Act is analogous to Section I of the Sherman Act, and thus decisions interpreting that federal statute may be instructive for the Court in considering Cartwright Act claims. See, e.g., McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811 n.4 (9th Cir. 1988).

A complaint must allege three prongs to state a claim under the Cartwright Act: "(1) the formation and operation of a conspiracy; (2) a wrongful act or acts done pursuant to the conspiracy; and (3) damage resulting from those wrongful acts." Cellular Plus, Inc. v. Superior Court, 14 Cal. App. 4th 1224, 18 Cal.Rptr.2d 308 (Cal. Ct. App. 1993). Cartwright Act violations require "a high degree of particularity in the pleading[s.]" G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256, 265 (Cal. Ct. App. 1983). "[G]eneral allegations of a conspiracy unaccompanied by a statement of facts constituting the conspiracy and explaining its objectives and impact in restraint of trade will not suffice." Id.

6

"The complaint must allege facts such as a specific time, place, or person involved in the alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." Starlight Cinemas v. Regal Entm't Group, 2014 U.S. Dist. LEXIS 162497, *2 (C.D. Cal. Oct. 23, 2014) (citing Kendall v. Visa USA, Inc., 518 F.3d 1042, 1046-47 (9th Cir. 2008)); see also In re Musical Instruments & Equip. Antitrust Litig., 798 F.3d 1186 (9th Cir. Aug. 25, 2015) ("'Allegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy' are insufficient to plead a § 1 [Sherman Act] violation.") (quoting Kendall, 518 F.3d at 1049). A complaint must specify "who, did what, to whom (or with whom), where, and when?" Pharmarx Pharm., Inc. v. GE Healthcare, Inc., 596 F. App'x 580, 581 (9th Cir. Mar. 9, 2015) (quoting Kendall, 518 F.3d at 1048).

### IV. DISCUSSION

The Court has reviewed the First Amended Complaint ("FAC"), ECF No. 13, and finds that the facts alleged therein are sufficiently similar to those alleged in the PSAC that the new claims for fraud and antitrust violations are part of the same set of facts which gave rise to the original complaint in this case. Defendant has been on notice of allegations of some type of fraud and of some form of improper agreement with "Major Labels" since the FAC. See FAC ¶¶ 17-30. The Court dismissed at least one claim in its previous MTD Order on the basis that California's law governed rather than Washington, D.C.'s law. Therefore, permitting the Plaintiffs to amend to include alleged violations of

California's law (the state to which the case has been transferred since the FAC was first filed) is in the interests of justice. The Court will thus entertain the two new claims and GRANTS leave to amend. However, the Court finds that allowing additional new claims after this amendment would be too prejudicial to Defendants and no longer in the interests of justice, and cautions Plaintiffs against any such future request.

The Court would normally now consider each claim to determine whether permitting the amendment as drafted in the present edition of the PSAC would be in line with the five factors of Corinthian Colleges, 655 F.3d at 995, or would be an exercise in futility. The Court's own prima facie review of the PSAC based on the law cited by counsel and herein suggests that both allegations might lack enough detail to survive a review under Federal Rule of Civil Procedure 12(b)(6). However, the undersigned is retiring shortly and the case will be transferred to be heard by another Judge. So as not to limit the discretion of the next Judge to preside over the case and rule upon the whole of the SAC, the Court declines to make any findings with respect to the sufficiency of the fraud and Cartwright Act claims as proposed in the current edition of the PSAC. Yet rather than require the filing of the PSAC as drafted when the Court is preliminarily concerned it may include legal flaws, in addition to leave to amend to file the PSAC, the Court GRANTS leave to amend the present edition of the PSAC. This is meant to promote judicial economy by allowing counsel a chance to ensure that the actual SAC filed is refined in light of arguments by counsel and law cited by the Court.

///

## V. CONCLUSION

Leave to amend to include the two new claims is GRANTED. However, the Court will not permit any additional new claims to be added. The PSAC as drafted may (or may not) be insufficient, but the Court does not rule on this matter in deference to the Judge who will receive this case when the undersigned retires. Therefore, leave is GRANTED to file a revised edition of the current PSAC within 30 days of the date of this Order. If the case is transferred to another Judge before the SAC is filed, Plaintiffs are ORDERED to notify that court -- prior to or contemporaneously with their filing -- that leave to file a SAC has already been granted.

IT IS SO ORDERED.

Dated: October 29, 2015

UNITED STATES DISTRICT JUDGE