1  DAVID H. KRAMER, State Bar No. 168452     ERIK L. JACKSON (SBC 166010)
   JACOB VELTMAN, State Bar No. 247597        COZEN O'CONNOR
2  WILSON SONSINI GOODRICH & ROSATI           601 S. Figueroa Street, Suite 3700
   Professional Corporation                   Los Angeles, CA 90017
3  650 Page Mill Road                         Telephone:  (213) 892-7900
   Palo Alto, CA 94304-1050                   Facsimile:  (213) 892-7999
4  Telephone:  (650) 493-9300                 Email:  ejackson@cozen.com
   Facsimile:   (650) 565-5100
5  Email:  dkramer@wsgr.com                   OF COUNSEL:

6  BRIAN M. WILLEN (admitted *pro hac vice*)  RONALD F. WICK
   WILSON SONSINI GOODRICH & ROSATI           COZEN O'CONNOR
7  Professional Corporation                   1627 I Street N.W., Suite 1100
   1301 Avenue of the Americas                Washington D.C. 20006
8  New York, NY 10019                         Telephone:  (202) 912-4874
   Telephone: (212) 999-5800                  Facsimile:  (202) 640-5526
9  Email:bwillen@wsgr.com                     Email:  rwick@cozen.com

10 *Attorneys for Defendants*                 EDWARD W. LYLE
                                              LAW OFFICE OF EDWARD W. LYLE
11                                            1250 Connecticut Avenue N.W., Suite 200
                                              Washington D.C. 20036
12                                            Telephone:  (202) 333-4280
                                              Facsimile:  (202) 333-4282
13                                            Email:  ewlyle@west1805.com

14                                            *Attorneys for Plaintiffs*

15

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18  SONG FI, ET AL.,                    )  Case Number: 3:14-cv-05080-SC
                                        )
19          Plaintiff(s),               )  JOINT CASE MANAGEMENT
                                        )  CONFERENCE STATEMENT &
20       vs.                            )  [PROPOSED] ORDER
                                        )
21  GOOGLE INC. AND YOUTUBE, LLC,       )
                                        )
22          Defendant(s).               )  Next Scheduled Event:
                                        )
23                                      )  Date:  February 23, 2016
                                        )  Time:  2:30 p.m.
24                                      )  Court:  #2
                                        )  Before:  Hon. Claudia Wilken
25  _____)

26

27

*Form updated August 2014*

1    The parties to the above-entitled action jointly submit this JOINT CASE

2  MANAGEMENT CONFERENCE STATEMENT & PROPOSED ORDER pursuant to the

3  Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil

4  Local Rule 16-9.

5  **1.    Jurisdiction & Service**

6    This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332

7  because there is complete diversity between the parties and the amount in controversy exceeds

8  $75,000.  No issues exist regarding personal jurisdiction or venue, and no parties remain to be

9  served.

10  **2.    Facts**

11    Plaintiffs' Summary:

12    This case involves a video titled "LuvYa LuvYa LuvYa" ("LuvYa").  Plaintiffs are the

13  producer of "LuvYa" (Song fi, Inc.), the owner of a band whose performers also appeared in

14  the video (RastaRock Corporation), an individual who appeared in that video (Joseph

15  Brotherton), and the parents of a minor who also appeared in the video (Joseph Brotherton and

16  Lisa Pellegrino, on behalf of their son N.G.B.).  Defendant YouTube, LLC, a subsidiary of

17  Defendant Google, Inc., owns and operates a website and online service (*www.youtube.com*)

18  on which Plaintiff Song fi, Inc. ("Song fi") uploaded the "LuvYa" video.  Approximately two

19  months after such posting, YouTube removed "LuvYa" from its original location on the

20  YouTube website and posted a notice ("Take-Down Notice") stating that "This Video Has

21  Been Removed Because Its Content Violated YouTube's Terms of Service" along with a sad-

22  faced graphic that said "Sorry About That."  YouTube re-posted the video to another location

23  on the website.  Plaintiffs requested that the video be re-posted to its original website location.

24  YouTube told Plaintiffs that the "view count" for the "LuvYa" video had been manipulated in

25  violation of the website's Terms of Service.  YouTube never explicitly asserted that any of

26  Plaintiffs or their agents had manipulated the "LuvYa" view count, but YouTube made

27

*Form updated August 2014*

1    numerous insinuations to that effect.  YouTube simultaneously claimed in the Take-Down

2    Notice on its website that the *content* of "LuvYa" violated such Terms of Service.  Through

3    counsel, Plaintiffs demanded that "LuvYa" be restored to its original location on the YouTube

4    website.  Defendants did not respond.  This action for injunction and damages ensued.

5              Defendants' Summary:

6              Plaintiffs' statement summarizes the basic allegations presented in the SAC.

7    Defendants add the following additional statement: Defendant YouTube, LLC, operates the

8    popular video-sharing website located at <www.youtube.com>, where users can share and

9    watch personal videos.  The relationship between YouTube and its users is governed by the

10   YouTube Terms of Service agreement (the "Agreement").  Before a user can upload a video to

11   the YouTube service, the user must create an account with YouTube and assent to the

12   Agreement.  In April 2014, YouTube determined that the view count associated with Plaintiffs'

13   "LuvYa" video had been inflated in violation of Section 4.H of the Agreement through the use

14   of automated "bots" or similar automated means.  Based on that determination, YouTube

15   removed the video from its original location and reposted it elsewhere on the service so that the

16   video could be available to the public but would no longer be associated with the inflated view

17   count.  YouTube also posted a message at the original location of the video explaining that the

18   video had been removed from that location.

19   **3.     Legal Issues**

20             Plaintiffs' Position:  Plaintiffs' legal issues are 1) whether the Take-Down Notice

21   posted by YouTube libeled one or more of the Plaintiffs; 2) whether Defendants committed

22   fraud on Plaintiffs by not revealing that they were facilitating the improper inflation of view

23   counts by others, thus putting Plaintiffs' videos at a severe disadvantage in the marketplace; 3)

24   whether Defendants engaged in an unlawful combination with others to adversely affect the

25   ability of Defendants and other small video producers and distributors to compete against

26   larger entities in the same market; 4) whether one or more of the foregoing actions of

27

*Form updated August 2014*

1   Defendants tortiously interfered with the business activities of Plaintiffs Song fi and the

2   RastaRock Corporation ("RastaRock"); and 5) whether Defendants' actions in taking down the

3   "LuvYa" video and posting the Take Down Notice violated the rights of Joseph Brotherton and

4   his son N.G.B. as consumers of the YouTube service.

5       Defendants' Position:  Defendants agree that the issues Plaintiffs have identified are

6   disputed.  In a prior ruling in this case, Judge Conti held that YouTube's actions in relocating

7   Plaintiffs' video were expressly authorized by the Terms of Service Agreement and on that

8   basis dismissed Plaintiffs' breach of contract claim with prejudice.  Judge Conti also dismissed

9   Plaintiffs' other claims, but gave them leave to amend.  YouTube's motion to dismiss

10  Plaintiffs' Second Amended Complaint ("SAC") is pending before the Court.  Because

11  Defendants have not yet answered the complaint, a complete list of legal issues, beyond those

12  now pending in connection with YouTube's Motion to Dismiss, is premature.  But Defendants

13  submit that additional disputed legal issues may include:

14      1.      Whether Plaintiffs committed breach of contract by using automated means or
                causing others to use automated means that artificially inflated the view count
15              associated with the "LuvYa" video.

16      2.      Whether Plaintiffs committed breach of contract by improperly filing suit in the
                District of Columbia rather than in the forum mandated by the Terms of Service
17              agreement, the Northern District of California.

18      3.      Whether each Plaintiff has standing and/or has suffered any cognizable damages
                attributable to the relocation of the "LuvYa" video and the notice of removal.
19

        4.      Whether each Plaintiff mitigated damages, if any.
20

21      5.      Whether United Stated and California Constitutions bar Plaintiffs' claims
                seeking to compel speech in whole or in part.

22      6.      Whether the doctrine of unclean hands bars Plaintiffs' claims in whole or in
                part.
23

24  **4.      Motions**

25      Plaintiff Song fi, Inc. previously moved for a temporary restraining order in the U.S.

26  District Court for the District of Columbia, where this case was originally filed.  Judge Collyer

27

*Form updated August 2014*

1    denied that motion by Order dated August 1, 2014.  Based on a California forum selection

2    clause and a California choice of law clause in the YouTube Terms of Service and subsequent

3    briefing, Judge Collyer transferred the case to this Court and denied Plaintiffs' request for a

4    preliminary injunction without prejudice.

5            Upon the filing of the case in this Court, Defendants filed a motion to dismiss

6    Plaintiffs' First Amended Complaint, and Plaintiffs filed a motion for partial summary

7    judgment.  On June 10, 2015, Judge Conti granted Defendants' motion to dismiss and denied

8    Plaintiffs' motion for summary judgment.  Although the Court held that Plaintiffs' claims were

9    not barred by Section 230(c)(2) of the Communications Decency Act, Judge Conti dismissed

10   Plaintiffs' breach of contract, libel per se, and consumer protection claims.  (Dkt. #53)  Judge

11   Conti granted Plaintiffs leave to amend their complaint to assert a libel per quod claim, to

12   perfect their interference claim by specifying a basis on which Defendants' actions were

13   wrongful apart from the alleged tortious interference itself, and to possibly add a consumer

14   protection claim under California law.

15           On July 10, 2015, Plaintiffs filed a motion for leave to file the SAC.  In their proposed

16   complaint, all plaintiffs alleged libel per quod with allegations of special damages to each of

17   them.  Plaintiffs Song fi and Rasta Rock augmented their tortious interference claim by

18   specifying libel per quod as another basis on which Defendants' actions had been wrongful,

19   and Plaintiffs Joseph Brotherton and N.G.B. asserted a claim under the California Consumers

20   Legal Remedies Act (CLRA).  Plaintiff Song fi added claims under California law for fraud

21   and violation of the Cartwright Act.  (Dkt. # 54)   Judge Conti allowed Plaintiffs to file the

22   SAC, but reserved judgment as to whether the new complaint stated any legally viable claims.

23   (Dkt. #67)  Following Judge Conti's retirement, this case was reassigned on November 3, 2015

24   (Dkt. #68), and Plaintiffs filed their SAC on November 27, 2015 (Dkt.#70).  On December 21,

25   2015, Defendants filed a motion to dismiss the proposed SAC in its entirety.  (Dkt. #77)

26   Defendants' motion to dismiss is the only motion now pending before the Court.

27

*Form updated August 2014*

**5.     Amendment of Pleadings**

The complaint has been amended once by Plaintiffs as a matter of right and once with leave of the Court.  No further amendments are contemplated by Plaintiffs.  Defendants have not yet answered the complaint or asserted their counterclaims due to the pendency of their motion to dismiss for failure to state a claim.

**6.     Evidence Preservation**

The parties hereby report that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Due to the pendency of Defendants' motion to dismiss, the parties have not yet conducted a conference pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  The parties are prepared to proceed with such a conference.  While Defendants believe that such a conference should await resolution of their pending motion to dismiss, they have taken reasonable steps to preserve relevant evidence.

**7.     Disclosures**

Pending the Court's decision on motions previously filed, neither Plaintiffs nor Defendants have made initial disclosures pursuant to Fed. R. Civ. P. 26.  The parties propose exchanging initial disclosures fifteen (15) days after receipt of an Order from the Court denying in part or in full Defendants' motion to dismiss.

**8.     Discovery**

No discovery has been authorized or taken to date by Plaintiffs or Defendants.

The parties do not currently propose any limitations or modifications of the discovery rules and will discuss a stipulated e-discovery order as part of a Rule 26(f) conference.

**9.     Class Actions**

The parties agree that this case is not a class action.

*Form updated August 2014*

1    **10.    Related Cases**

2         No related cases or proceedings are pending before another judge of this court or before

3    another court or administrative body.

4    **11.    Relief**

5         Plaintiffs' Position:  Plaintiffs' requested relief is set forth in full in the proposed SAC

6    now before the Court.

7         Defendants' Position:  Plaintiffs have not provided any description of the basis upon

8    which any supposed damages would be calculated.  Although they have not yet done so, in the

9    event the case proceeds, Defendants may assert counterclaims seeking damages for Plaintiffs'

10   breach of the YouTube terms of service agreement.

11   **12.    Settlement and ADR**

12        An ADR conference is scheduled for Friday, February 19.  No settlement or ADR

13   activities have been undertaken by the parties in light of the pendency of Defendants' motion to

14   dismiss, and prospects for settlement are presently unknown.

15   **13.    Consent to Magistrate Judge For All Purposes**

16        The parties do not consent to a magistrate judge.

17   **14.    Other References**

18        The parties do not believe this case is suitable for reference to binding arbitration, a

19   special master, or the Judicial Panel on Multidistrict Litigation.

20   **15.    Narrowing of Issues**

21        The parties presently have not identified any issues that can be narrowed by agreement

22   or by motion and do not have any suggestions at this time to expedite the presentation of

23   evidence at trial.  They also do not have any requests at this time to bifurcate issues, claims, or

24   defenses.

25

26

27

*Form updated August 2014*

1   **16.     Expedited Trial Procedure**

2          The parties do not believe this is the type of case that can be handled under the

3   Expedited Trial Procedure of General Order 64, Attachment A.

4   **17.     Scheduling**

5          Plaintiffs' Statement:

6          Plaintiffs have proposed the following schedule to the Defendants:

7                  Plaintiffs' Expert Designations:  October 17, 2016

8                  Defendants' Expert Designations:  November 16, 2016

9                  Plaintiffs' Rebuttal Expert Designations:  December 16, 2017

10                 Discovery Cutoff:  February 1, 2017

11                 Hearing of Dispositive Motions:  March 27, 2017

12                 Pretrial Conference:  On or after June 15, 2017

13                 Trial:  On or after July 15, 2017

14         Defendants argue below that this schedule provides excessive time for discovery.

15   Plaintiffs, however, intend to seek certain elements of discovery – such as taking the depositions

16   of Larry Page, Sergey Brin, and Susan Wojicki, who are Google and YouTube executives and

17   named co-conspirators under Plaintiffs' Cartwright Act and fraud counts – that will almost

18   certainly elicit extensive and adamant oppositions by the Defendants.  Such responses are highly

19   likely to require repeated, time-consuming rulings by this Court.  Also, given the scope of

20   Plaintiffs' allegations, considerable additional time likely will be needed for Plaintiffs to review,

21   analyze and follow up on Defendants' responses to other discovery requests, which responses

22   may well be extensive.

23         Defendants' Statement:

24         Defendants believe it is premature to set dates relating to discovery, dispositive motions

25   and trial until the Court has ruled on Defendants' motion to dismiss and Defendants have

26   answered and counterclaimed such that the parameters of the case are identified.  Defendants

27

Page **8** of **12**

*Form updated August 2014*

1  submit, however, that less time for discovery than Plaintiffs propose is appropriate, and that four

2  months of fact discovery would be sufficient.

3  **18.    Trial**

4        Plaintiffs have demanded a jury trial.  The expected length of such trial is no more than

5  two weeks.

6  **19.    Disclosure of Non-party Interested Entities or Persons**

7        Each party has filed a certification of interested entities or persons.

8        Plaintiffs state that, aside from themselves, no persons, firms, partnerships, corporations

9  (including parent corporations) or other entities known by Plaintiffs have either (i) a financial

10  interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind

11  of interest that could be substantially affected by the outcome of the proceeding.

12        As disclosed in Defendants' Supplemental Corporate Disclosures Statement (Dkt. 66),

13  Alphabet, Inc. is a Holding Company of Defendant Google, and thus has a financial interest in

14  the subject matter in controversy or a party to the proceeding.  Apart from this disclosed entity,

15  Defendants also state that no other persons, firms, partnerships, corporations (including parent

16  corporations) or other entities known by Defendants have either (i) a financial interest in the

17  subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest

18  that could be substantially affected by the outcome of the proceeding.

19  **20.    Professional Conduct**

20        All attorneys of record in this matter have reviewed the Guidelines for Professional

21  Conduct for the Northern District of California.

22  **21.    Other**

23        The parties presently have no other matters that may facilitate the just, speedy and

24  inexpensive disposition of this matter.

25

26

27

*Form updated August 2014*

1    Dated:  February 16, 2016        */s Edward Lyle*
                                     Counsel for Plaintiffs

2

3

4    Dated:  February 16, 2016        */s Brian M. Willen*
                                     Counsel for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Form updated August 2014*

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2

     I, Brian M. Willen, am the ECF User whose identification and password are being used

3

to file this document.  In compliance with Civil Local Rule 5-1, I hereby attest that all

4

signatories have concurred in this filing.

5

6

DATED:  February 16, 2016            WILSON SONSINI GOODRICH & ROSATI

7

                  Professional Corporation

8

9

                  By: */s Brian M. Willen*
                      Brian M. Willen

10

                  *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Form updated August 2014*

1

CASE MANAGEMENT ORDER

2   The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

3   as the Case Management Order for this case and all parties shall comply with its provisions. [In

4   addition, the Court makes the further orders stated below:]

5

6   IT IS SO ORDERED.

7

8   Dated:

9                                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Form updated August 2014*