IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONG FI, INC., JOSEPH N. BROTHERTON, LISA M. PELLEGRINO, N.G.B., RASTA ROCK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., YOUTUBE LLC, <br><br> Defendants. | No. C 14-5080 CW <br><br> ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM <br><br> (Docket Nos. 88 and 89) |

Plaintiff Joseph N. Brotherton, through his counsel, moves the Court to appoint his wife, Lisa M. Pellegrino, to be a guardian ad litem for their minor son, Plaintiff N.G.B.

Brotherton contends that, because he is a plaintiff in this case, he is "thus authorized to represent the interests of his minor son N.G.B. as a plaintiff." Docket No. 89, Motion at 2. He explains that Pellegrino would "contribute very significantly to the representation of the interests of N.G.B." Id. Pellegrino declares that she is not a plaintiff in this matter, but wishes to "join with [her] husband in protecting the interests of N.G.B." Id. at 4. She states that she believes she is "fully qualified to act for N.G.B. along with" Brotherton, that N.G.B. would be supported and guided by Brotherton and herself, and that "both of his parents" would protect N.G.B.'s rights. Id.

The Court has a special duty "to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)). Under Federal Rule of Civil Procedure 17(c)(1), a "general guardian" may sue on behalf of a minor. If the minor has a representative, and that representative's interests conflict with the minor's, the Court may appoint a special representative. M.K. v. Harter, 716 F. Supp. 1333, 1335 (E.D. Cal. 1989) (citing United States v. 30.64 Acres of Land, 795 F. 2d 796 (9th Cir. 1986)). Here, although Brotherton is N.G.B.'s general guardian, as his father, their interests may conflict as co-plaintiffs. Thus, N.G.B. needs a guardian ad litem for his suit to move forward.

Here, however, Brotherton's motion and Pellegrino's declaration suggest that Pellegrino's interests may also conflict with N.G.B.'s. Both Brotherton and Pellegrino suggest that they will protect N.G.B.'s interests together. It is not clear that Pellegrino would represent N.G.B.'s interests independent from Brotherton's interests. See Bhatia v. Corrigan, 2007 WL 1455908, at *1 (N.D. Cal.) (rejecting plaintiff's mother as guardian ad litem where she was married to plaintiff's father, whose interests conflicted with plaintiff's).

For all these reasons, the Court DENIES the motion to appoint Pellegrino as N.G.B.'s guardian ad litem. Pellegrino may file her own motion to be appointed guardian ad litem. The motion must explain why she does not have interests adverse to N.G.B.'s and that she could represent N.G.B. if his interests are in conflict with Brotherton's. If Pellegrino cannot represent N.G.B.'s interests, the Court will consider a motion requesting appointment

of a relative or a family friend.  If no guardian is appointed, N.G.B.'s suit cannot move forward at this time.

IT IS SO ORDERED.

Dated: March 23, 2016

CLAUDIA WILKEN
United States District Judge