United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SONG FI, INC., JOSEPH N. BROTHERTON, LISA M. PELLEGRINO, N.G.B., RASTA ROCK, INC.,

Plaintiffs,

v.

GOOGLE, INC., YOUTUBE LLC,

Defendants.

________________________________/

No. C 14-5080 CW

ORDER AWARDING ATTORNEYS' FEES

The Court awarded attorneys' fees to Defendants for their work bringing the motion for sanctions against Plaintiffs' counsel, Cozen O'Connor. Docket Nos. 114, 127. The Court directed Defendants to submit documentation of hours spent and reasonable rates. It considers that submission and the subsequent written responses.

Federal Rule of Civil Procedure 11(c)(4) permits a sanction in the form of attorneys' fees and other expenses "directly resulting from the violation." When awarding sanctions in this form, the measure "is not actual expenses and fees but those the court determines to be reasonable." Matter of Yagman, 796 F.2d 1165, 1185 (9th Cir.), opinion amended on denial of reh'g sub nom. In re Yagman, 803 F.2d 1085 (9th Cir. 1986). An "essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." Id. at 1184-85. The court need not rigidly apply the factors set forth in Kerr v. Screen Extras

**United States District Court**
For the Northern District of California

Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), but it "must make some evaluation of the fee breakdown submitted by counsel." Id. at 1185. Further, the Court must consider "ability to pay." Id.

The Court awards eighty percent of the requested attorneys' fees and all the requested costs. Although the Court finds the hourly rates to be reasonable based on its experience and knowledge of local hourly rates, not all of the hours spent were "reasonably necessary" to file the Rule 11 motion. Yagman, 796 F.2d at 1185. It was not reasonably necessary for two attorneys to communicate with their client regarding the motion for a combined total exceeding ten hours.[1] Further, researching, drafting and finalizing the opening Rule 11 brief alone accounts for over fifty-six hours.[2] By comparison, the Eighth Circuit has concluded that twenty-five hours is reasonable for prosecuting a Rule 11 motion. Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1491 (8th Cir. 1994) (awarding attorneys' fees as sanctions under an

[1] These summarized entries include: "Communicate with client regarding Rule 11 motion"--2.6 hours; "Communicate with client regarding Rule 11 motion strategy"--3.0 hours; and "Communicate with client regarding draft of Rule 11 motion"--5.2 hours. Docket No. 128, Willen Dec. ¶¶ 4-5.

[2] These summarized entries include: "Conduct legal research regarding primary arguments in support of Rule 11 motion"--8.0 hours; "Outline Rule 11 motion"--2.1 hours; "Draft Rule 11 motion"--8.8 hours; "Review and revise Rule 11 motion per internal and client feedback"--8.1 hours; "Proofread, cite check and finalize Rule 11 motion; review and assist client in preparation of supporting declarations; prepare exhibits and proposed order; research service and filing requirements"--9.6 hours; "Draft/edit Rule 11 motion; conduct legal research regarding primary arguments"--7.9 hours; "Review and revise Rule 11 motion and supporting documents per client feedback"--7.5 hours; and "Finalize Rule 11 motion and supporting documents for service and filing"--4.4 hours. Willen Dec. ¶¶ 4-5.

United States District Court
For the Northern District of California

older version of Rule 11 where plaintiffs voluntarily dismissed their complaint instead of responding to a motion to dismiss). Finally, Cozen O'Connor did not indicate that it is unable to pay.

Cozen O'Connor shall pay $42,723.75 in fees and $129.66 in costs. It need not pay before judgment is entered in this case.

IT IS SO ORDERED.

Dated: September 16, 2016



CLAUDIA WILKEN
United States District Judge